Mr. Chad Smith
Attorney at Law
State Bar No. 24027867
8008 Slide Road, Suite 33
Lubbock, Texas 79424-2828
806/783-0056 (Telephone)
806/771-2008 (Facsimile)
ATTORNEY FOR VISTA BANK

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS

LUBBOCK DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| PAMELA RENEE RILEY | § | CASE NO. 19-50155-RLJ13 |
| | § | |
| DEBTOR | § | |

**VISTA BANK'S AGREED MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

**NO HEARING WILL BE CONDUCTED ON THIS MOTION UNLESS A WRITTEN OBJECTION IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AND SERVED UPON THE PARTY FILING THIS PLEADING WITHIN TWENTY (20) DAYS FROM THE DATE OF SERVICE UNLESS THE COURT SHORTENS OR EXTENDS THE TIME FOR FILING SUCH RESPONSE. IF NO OBJECTION IS TIMELY SERVED AND FILED, THIS PLEADING SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT. IF AN OBJECTION IS FILED AND SERVED IN A TIMELY MANNER, THE COURT WILL THEREAFTER SET A HEARING. IF YOU FAIL TO APPEAR AT THE HEARING, YOUR OBJECTION MAY BE STRICKEN. THE COURT RESERVES THE RIGHT TO SET A HEARING ON ANY MATTER.**

VISTA BANK hereby files this *VISTA BANK's Agreed Motion from the Automatic Stay*. In support of the Motion, VISTA BANK respectfully represents the following:

**I. JURSIDICTION AND VENUE**

1. This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. § 1334(b) and the standing order of reference of the district court. This matter is a core proceeding. 28 U.S.C. § 157(b)(1), (b)(2)(G).

2. Venue in this Court is proper under 28 U.S.C. § 1409(a).

## II. BACKGROUND

3. On June 28, 2019 (the "Petition Date"), PAMELA RENEE RILEY (the "Debtors") filed the above referenced case (the "Case") as a Chapter 13 proceeding under the United States Bankruptcy Code (the "Bankruptcy Code"). Debtors initial proposed Chapter 13 plan does not show payment in full to Vista Bank.

4. The obligation Debtor owes to Vista Bank is a joint obligation of Debtor, Neighborhood Academy, Inc. and William S. Riley, Jr. Attached hereto is Exhibit "A" is a file marked copy of the Default Judgment rendered in Vista Bank's favor against Debtor, Neighborhood Academy, Inc. and William S. Riley, Jr.

5. Pursuant to 11USC Section 1301, the filing of a Chapter 13 proceeding institutes a stay of action against any co-debtor. Vista Bank seeks to have relief from the automatic stay to proceed with further collection efforts against Neighborhood Academy, Inc. and William S. Riley, Jr.

## III. RELIEF REQUESTED AND BASIS THEREFOR

6. VISTA BANK requests the entry of an order lifting the automatic stay to permit VISTA BANK to exercise its non-bankruptcy rights and remedies with respect to claims and causes of action against co-debtors Neighborhood Academy, Inc. and William S. Riley, Jr. and with respect to any non-judicial foreclosure or remedies with respect to such indebtedness.

7. VISTA BANK is entitled to relief under section 362(d)(1) of the Bankruptcy Code for cause, including lack of adequate protection, because: (a) the Debtor and the Bankruptcy Estate do not have the funds to provide for adequate security; (b) the debtors preliminary Chapter 13 plan does not show payment in full to Vista Bank; and (c) VISTA BANK has established claims against Neighborhood Academy, Inc. and William S. Riley, Jr. and should be entitled to proceed with collection efforts against the co-debtors.

8. Further, Debtors has agreed to Motion for Relief from Automatic Stay.

9. Cause exists for relief from the automatic stay provisions of section 362 of the Bankruptcy Code to permit VISTA BANK to proceed with further collection efforts against co-debtors, Neighborhood Academy, Inc. and William S. Riley, Jr. Cause likewise exists for relief from the automatic stay provisions of section 362 of the Bankruptcy Code to permit VISTA BANK to recover any available proceeds.

FOR ALL OF THE ABOVE REASONS, VISTA BANK requests that the Court enter an order (i) granting this Motion; (ii) vacating the automatic stay as to VISTA BANK'S ability to proceed with collection efforts against co-debtors, Neighborhood Academy, Inc. and William S. Riley, Jr. and (iii) granting VISTA BANK such other and further relief to which VISTA BANK is entitled.

Respectfully submitted this 13th day of August, 2019.

Respectfully submitted,

/s/ Chad Smith
CHAD SMITH
State Bar No. 24027867
The Law Office of Chad Smith, P.C.
8008 Slide Road, Suite 33
Lubbock, Texas 79424-2828
Chad@csmithfirm.com
806/783-0056 (Telephone)
806/771-2008 (Facsimile)

## CERTIFICATE OF CONFERENCE

On July ____, 2019, Chad Smith, counsel for VISTA BANK, conferred with the Trustee Robert B. Wilson and the Trustee indicated he does not oppose the relief requested herein.

On July ____, 2019, Chad Smith, counsel for VISTA BANK conferred with Debtor's attorney, Elizabeth Huffman, and Debtor does not oppose the relief requested herein.

/s/ Chad Smith

## CERTICATE OF DELIVERY

I hereby certify that on the 13th day of August, 2019, a true and correct copy of the above and foregoing instrument was sent by First Class U.S. mail or electronic document transfer to:

Elizabeth Huffman
1706 14th Street
Lubbock, Texas 79401

Robert B. Wilson
1407 Buddy Holly Ave.
Lubbock, Texas 79401

United States Trustee
1100 Commerce Street
Room 976
Dallas, TX 75242

/s/ Chad Smith
Chad Smith

Exhibit "A"

Filed 5/29/2019 4:40 PM
Barbara Sucsy
District Clerk
Lubbock County, Texas
ARG

CAUSE NO. 2019535057

| | | |
|---|---|---|
| **VISTA BANK** | § | **IN THE 72nd DISTRICT COURT** |
| | § | |
| | § | |
| vs. | § | **IN AND FOR** |
| | § | |
| | § | |
| **NEIGHBORHOOD ACADEMY, INC.;** | § | |
| **PAMELA RILEY; and WILLIAM S.** | § | |
| **RILEY, JR.** | § | **LUBBOCK COUNTY, TEXAS** |

## DEFAULT JUDGMENT

On this day came on to be considered the above-referenced cause wherein VISTA BANK, is Plaintiff and NEIGHBORHOOD ACADEMY, INC.; PAMELA RILEY; and WILLIAM S. RILEY, JR. are collectively Defendants. Plaintiff appeared in person and by and through its attorney of record, Chad Smith. Having been duly served with service of Citation, NEIGHBORHOOD ACADEMY, INC.; PAMELA RILEY; and WILLIAM S. RILEY, JR. each failed to answer and appear herein. The Court finds that the Citations were returned and filed with the Clerk in the manner required by law.

(1) Defendants are indebted to Plaintiff on overdrawn Account Number ****832 and the outstanding balance owed to Plaintiff on such overdrawn checking account is EIGHT THOUSAND EIGHT HUNDRED ONE AND 15/100THS DOLLARS ($8,801.15) as of May 24, 2019.

(2) Defendants are indebted to Plaintiff on overdrawn Account Number ****713 and the outstanding balance owed to Plaintiff on such overdrawn checking account is THREE THOUSAND TWO HUNDRED EIGHT AND 00/100THS DOLLARS ($3,208.00) as of May 24, 2019.

(3) Defendants are indebted to Plaintiff on overdrawn Account Number ****008 and the outstanding balance owed to Plaintiff on such overdrawn checking account is ONE THOUSAND TWO HUNDRED TWENTY-FIVE AND 14/100THS DOLLARS ($1,225.14) as of May 24, 2019.

(4) Thus, the total outstanding balance owed on all three of the overdrawn checking accounts is TWELVE THOUSAND EIGHT HUNDRED AND 82/100THS DOLLARS ($13,234.29).

(5) Plaintiff is entitled to recover reasonable and necessary attorney's fees in the prosecution of this case as set forth herein.

(6) All just and lawful credits, payments, and offsets have been allowed to Defendants on this indebtedness.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that Plaintiff shall have and recover from NEIGHBORHOOD ACADEMY, INC.; PAMELA RILEY; and WILLIAM S. RILEY the sum of TWELVE THOUSAND EIGHT HUNDRED AND 82/100THS DOLLARS ($13,234.29) as of May 24, 2019 with interest accruing at a rate of 18% per annum.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff shall have and recover reasonable attorney's fees from Defendants in the amount of $2,750.50, plus interest at the rate of 5% per annum until paid.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Plaintiff shall have all Writs of Execution and all other processes as may be necessary to enforce the Judgment of this Court. All costs are assessed against the Defendants.

All relief not expressly granted is hereby denied.

SIGNED, RENDERED AND ORDERED ENTERED this the __29__ day of __May__, 2019.

_____
Judge Presiding